McGREGOR W. SCOTT
United States Attorney
BRIAN A. FOGERTY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO § 2703(d) INTERNET PROTOCOL ADDRESSES IDENTIFIED BY IN ATTACHMENT A | CASE NO. 2:18-SW 650 DB<br><br>[PROPOSED] ORDER<br><br>**UNDER SEAL** |

**ORDER**

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Sprint Corp., an electronic communications service provider and/or a remote computing service located in Overland Park, Kansas, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior,

1  or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

2      IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Sprint Corp. shall, within

3  ten days of the date of this Order, disclose to the United States the records and other information

4  described in Attachment A to this Order.

5      IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Sprint Corp. shall not disclose the

6  existence of the application of the United States, or the existence of this Order of the Court, to the

7  subscribers of the account(s) listed in Attachment A, or to any other person, for 180 days from the date

8  of this Order, except that Sprint Corp. may disclose this Order to an attorney for Sprint Corp. for the

9  purpose of receiving legal advice.

Dated: 8-7-18

Hon. Deborah Barnes
United States Magistrate Judge

## ATTACHMENT A

### I. The Accounts

The Order applies to certain records and information associated with the following INTERNET PROTOCOL ADDRESSES identified by IN ATTACHMENT A.

| Date | Time (Pacific Time) | IP Address |
| --- | --- | --- |
| 08/06/2018 | 09:33:09 | 66.87.135.0 |
| 08/07/2018 | 00:33:54 | 66.87.134.152 |
| 08/06/2018 | 17:13:27 | 66.87.135.4 |
| 08/05/2018 | 11:55:07 | 66.87.134.239 |
| 08/04/2018 | 07:10:52 | 66.87.119.176 |
| 08/05/2018 | 21:35:26 | 66.87.134.255 |
| 08/04/2018 | 23:19:45 | 66.87.135.187 |
| 08/03/2018 | 14:29:56 | 66.87.134.1 |
| 08/03/2018 | 00:26:04 | 66.87.135.173 |

### II. Records and Other Information to Be Disclosed

Sprint Corp. is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Accounts"), for the dates and times identified in Part I of this Attachment A:

The following information about the customers or subscribers of the Accounts:

1. Names (including subscriber names, user names, and screen names);
2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
3. Local and long distance telephone connection records;
4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
5. Length of service (including start date) and types of service utilized;
6. Telephone and instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI")) used to connect to the Accounts;
7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Sprint Corp., and my official title is _____. I am a custodian of records for Sprint Corp.. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Sprint Corp., and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

   a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

   b. such records were kept in the ordinary course of a regularly conducted business activity of Sprint Corp.; and

   c. such records were made by Sprint Corp. as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____     _____
Date                                  Signature